IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. CR14-3069-MWB |
| vs. | ) | |
| JOSE MANUEL ALVAREZ, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM (INCLUDING RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE)**

The United States of America hereby files its Sentencing Memorandum including Response to Defendant's Motion for Downward Variance in this case.

## I. WITNESSES

The government does not anticipate calling any witness, but could call case agent DNE Special Agent Bryant Strouse in regard to defendant's alleged cooperation.

## II. EXHIBITS

The government does not anticipate the submission of any exhibits.

## III. INTRODUCTION

Defendant pled guilty to one count of a two-count indictment, Count 1: conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine which contained 50 grams or more of actual (pure) methamphetamine. Defendant faces a minimum term of 10 years' imprisonment and a maximum of life imprisonment on Count 1. (PSIR ¶ 70).

U.S. Probation classified defendant as a "career offender" and scored defendant at a base offense level 36, plus a two-level upward adjustment for possession of a firearm in the offense, minus a three-level downward adjustment for acceptance of responsibility for a total offense level of 35. (PSIR ¶¶ 25-34). And due to his classification as "career offender," U.S. Probation scored defendant at criminal history category VI. (PSIR ¶ 44). Therefore, defendant's advisory sentencing guideline range is currently scored at 292 to 365 months' imprisonment. (PSIR ¶ 71). However, defendant has filed a motion for downward variance primarily based on a policy-based disagreement with the career offender guidelines (per *United States v. Newhouse*, 919 F.Supp.2d 755 (N.D. Iowa 2013).

**IV. DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

Defendant argues that defendant's sentencing guideline range should be reduced by a downward variance due to a policy disagreement with the career offender guideline as illustrated in the text of *United States v. Newhouse*, 919 F.Supp. 955, 958 (N.D. Iowa 2013). However, defendant's offense conduct and criminal history are not the same as that of Lori Newhouse (as described in her case). There are a significant number of differences between defendant's case and *Newhouse*. Newhouse was convicted of being a pseudoephedrine "pill smurf" (limited duration) for methamphetamine manufacturers and had virtually no criminal history other than two predicate career offender type convictions from the

same incident, on the same date, at the same location (one charge subsequent to the other after results upon laboratory analysis yielded another drug in her possession for distribution). Here, defendant is being convicted of larger-scale methamphetamine trafficking (11+ pounds of methamphetamine for resale) over about a one-year time frame. (PSIR ¶¶ 5-20). Defendant, unlike Newhouse has a conviction for a crime of violence including a dangerous weapon and a separate conviction of possession of drugs (marijuana) with intent to deliver. (PSIR ¶¶ 36, 40). Defendant has a methamphetamine addiction but not necessarily to the degree discussed in Newhouse. (PSIR ¶¶ 58-61). Finally, in this case, unlike as discussed in *Newhouse*, defendant was involved in a sizable amount of methamphetamine trafficking (11+ pounds), including the possession of a firearm in furtherance of drug trafficking. (PSIR ¶¶ 5-20).

The provisions of USSG §4B1.1 (Career Offenders and Criminal Livelihood) were enacted, at least in large part, to give effect to 28 U.S.C. § 994(h) which unambiguously mandates that certain "career offenders," namely those with prior felony crimes of violence or drug trafficking offenses, receive a sentence of imprisonment at or near the maximum authorized.

> The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years of age and B . . .

3

(2) has been previously convicted of two or more prior felonies, each of which is

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. § 841) . . .

28 U.S.C. § 994(h). *See United States v. Labonte*, 520 U.S. 751, 762 (1997) (finding § 994(h) to be "unambiguous").

The career offender guideline promotes a number of the goals set forth in 18 U.S.C. § 3553(a)(2), including sentences sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant. The career offender guideline also has support in the Sentencing Commission's explicit findings that a "defendant's record of past criminal conduct is directly relevant" to each of the § 3553(a)(2) factors; "[r]epeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation"; and a defendant with repeat criminal behavior "is more culpable than a first offender and thus deserving of greater punishment." USSG Ch. 4, Pt. A, intro. comment. The career offender guideline is focused on recidivist drug trafficking, and criminally violent conduct. USSG §4B1.1.

Defendant's record of criminal conduct in this case is somewhat illustrative of the recidivist conduct for which the career offender guideline was designed.

Defendant has been convicted of one serious crime of violence and one felony drug trafficking offense. (PSIR ¶¶ 36, 40). And in this case defendant was involved in a sizable amount of methamphetamine trafficking, including the possession of a firearm in connection with said drug trafficking. (PSIR ¶¶ 5-20).

Defendant also appears to seek a downward variance for not brandishing or using a firearm and attempted cooperation. The government asserts the firearm was in a safe at defendant's residence with other evidence including methamphetamine and a large amount ($30,000+) of cash. Therefore, defendant appropriately (and without objection) was scored with a two-level enhancement for possession of a weapon in the offense. Although not brandished or actually used, the presence of the firearm under these circumstances and dangerousness thereof should not be diminished by a variance. The government also asserts that after defendant debriefed it was learned and believed by agents, that defendant was not truthful and complete with the information he provided.

The government also notes the following. Defendant appears to have had a fair family background. (PSIR ¶¶ 50-54). Defendant has no physical or mental health issues and a limited history of drug abuse for about six years. (PSIR ¶¶ 55-56, 58-61). Defendant did not graduate high school, dropping out after 11th grade and a limited employment history. (PSIR ¶¶ 63, 65, 67). Defendant has criminal history including a conviction for a felony crime of violence and a felony drug

5

trafficking offense. (PSIR ¶¶ 36, 40). Finally, in this case, defendant was involved in a sizable amount of methamphetamine trafficking (11+ pounds), including the possession of a firearm in connection with said drug trafficking. (PSIR ¶¶ 5-20).

## V. CONCLUSION

The evidence in this case establishes defendant as a "career offender" and therefore, at an advisory sentencing guideline range of 262 to 327 months' imprisonment and supports a sentence at or near this guideline range.

Respectfully submitted,

KEVIN W. TECHAU
United States Attorney

By: /s/ *Shawn S. Wehde*

SHAWN S. WEHDE
Assistant United States Attorney
600 4th Street, Ste. 670
Sioux City, IA 51101
(712) 255-6011
(712) 252-2034 (fax)

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, on December 6, 2016.

UNITED STATES ATTORNEY

BY: s/ Jean Wordekemper